**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

MEGAN ELIZABETH DEES,

　　Defendant - Appellant.

No. 25-1429
(D.C. No. 1:23-CR-00483-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Megan Elizabeth Dees pleaded guilty to possession with intent to distribute

500 grams or more of a mixture or substance containing a detectable amount of

methamphetamine.  *See* 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  She was sentenced to

183 months in prison.  Ms. Dees seeks to appeal her sentence, but the government has

moved to enforce the appeal waiver contained in her plea agreement.  *See United*

*States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

Ms. Dees's attorney responded that it would be frivolous to oppose the

government's motion, and he requests to withdraw.  *See Anders v. California*,

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

386 U.S. 738, 744 (1967). We invited Ms. Dees to respond, but she has not done so. Our duty in these circumstances is to examine the record and decide whether opposing the government's motion would be frivolous. *See id.* We conclude that it would, and that Ms. Dees's appeal waiver is enforceable.

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325.

**Scope of the Waiver**

"When construing an appellate waiver, we apply well-established contract principles and examine the plain language of the plea agreement." *United States v. Taylor*, 413 F.3d 1146, 1151 (10th Cir. 2005) (internal quotation marks omitted). Ms. Dees waived the right to appeal her conviction and sentence, except if the district court imposed a sentence above the statutory maximum (life in prison) or her advisory guidelines range (183 to 228 months in prison). Ms. Dees's sentence did not exceed the statutory maximum or the advisory guidelines range. Accordingly, her waiver covers this appeal.[1]

---

[1] Counsel notes that "Ms. Dees takes issue with the length of the sentence imposed and the district court's pronouncement that the sentence run consecutive to [her] two pending state cases." *Anders* Br. at 3. As noted above, Ms. Dees's sentence does not fall outside the scope of her appeal waiver. And the district court had the discretion to impose a consecutive sentence, which the appeal waiver noted.

**Knowing and Voluntary Waiver**

When assessing whether an appeal waiver "is knowing and voluntary, we especially look to two factors":  (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) whether the district court conducted "an adequate Federal Rule of Criminal Procedure 11 colloquy."  *Hahn*, 359 F.3d at 1325.  "[E]ither the express language of the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing inquiry of a proper Rule 11 colloquy could be enough to conclude the waiver was knowing and voluntary.  But the synergistic effect of both will often be conclusive."  *United States v. Tanner*, 721 F.3d 1231, 1234 (10th Cir. 2013).  "[T]he defendant . . . bears the burden of demonstrating [her] waiver was not knowing and voluntary."  *Id.* at 1233 (brackets and internal quotation marks omitted).

Ms. Dees's signed plea agreement explicitly states that she waived her right to appeal.  The district court also conducted an adequate Rule 11 plea colloquy.  Rule 11 requires a district court to "address the defendant personally in open court" and "inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or collaterally attack the sentence."  Fed. R. Crim. P. 11(b)(1)(N).  The district court did just that at Ms. Dees's plea hearing.  Ms. Dees affirmed that she understood that she was waiving her appellate rights upon entry of her plea.  The plea agreement and plea colloquy make clear that Ms. Dees knowingly and voluntarily agreed to the appeal waiver.

3

**Miscarriage of Justice**

Enforcing an appeal waiver will result in a miscarriage of justice if (1) the district court relied on an impermissible sentencing factor; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings. *See Hahn*, 359 F.3d at 1327. We see nothing in the record suggesting that enforcing the waiver here will result in a miscarriage of justice.

We grant counsel's motion to withdraw (Dkt. No. 27). We grant the government's motion to enforce the appeal waiver (Dkt. No. 22), and we dismiss this appeal.

Entered for the Court

Per Curiam